The Honorable David W. Christel

```
_____ FILED _____ LODGED
      _____ RECEIVED
November 16, 2020
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY_____ DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL LAYNE BENNETT,

    Defendant.

CASE NO. MJ20-5265

**COMPLAINT for VIOLATION**
**18 U.S.C. § 2252(a)(2), (b)(1)**

BEFORE, The Honorable David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

## COUNT 1

### (Attempted Distribution of Child Pornography)

In or about November 2020, in Pierce County, within the Western District of Washington, and elsewhere, MICHAEL LAYNE BENNETT attempted to distribute, visual depictions, the production of which involved the use of minors engaging in sexually explicit conduct, and the visual depictions were of such conduct, using any means and facility of interstate and foreign commerce and which images had been mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(2), (b)(1).

And the Complainant states that this Complaint is based on the following information:

I, Kelsey M. Mendoza, being first duly sworn on oath, depose and say:

## I. INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since January 2019. I am currently assigned to the Seattle Division's Tacoma Resident Agency. As an FBI Special Agent, I investigate criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, and material involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2426. I have received specialized training from the FBI Academy consisting of legal classes, investigative techniques, evidence preservation and collection, financial related crimes, and other law enforcement training classes. Through my training and experience, I have developed an understanding of common habits and practices used by those engaged in criminal acts against children.

2. I am familiar with and have participated in a variety of investigative techniques including but not limited to: surveillance, interviewing of witnesses/suspects, and the execution of search and seizure warrants that involved child exploitation and/or child pornography offenses, and the search and seizure of computers and other digital devices.

3. As below, based on my investigation and the investigation of other law enforcement officers, I believe there is probable cause to conclude that MICHAEL LAYNE BENNETT, has committed the offense charged in Count 1 of this Complaint— namely, attempted distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1).

4. The facts set forth in this complaint are based on my own personal knowledge; knowledge obtained from other individuals during my participation in this

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

investigation, including other law enforcement officers; review of documents and records related to this investigation; communications with others who have personal knowledge of the events and circumstances described herein; and information gained through my training and experience.

5. Because this complaint is offered for the limited purpose of establishing probable cause, I list only those facts that I believe are necessary to support such a finding. I do not purport to list every fact known to me or others as a result of this investigation.

6. This Complaint is being presented electronically pursuant to Local Criminal Rule CrR 41(d)(3).

## II. SUMMARY OF INVESTIGATION

7. This investigation arose from a report by a Confidential Human Source (CHS) who has been working with the FBI in since July. Approximately ten years ago, the CHS had worked with FBI providing information about the sexual exploitation of children and child pornography. The CHS contacted FBI in July after the CHS received suspected child pornography from another person over the internet. At that time, the CHS was again signed up as a cooperating source. According to the FBI agent who is currently working with the CHS and who reviewed FBI files related to the CHS, the CHS has previously provided accurate and reliable information that has led to successful prosecutions. This agent reported the CHS has no criminal history and that the agent is not aware of any information that might cause the agent to believe the CHS is otherwise unreliable. The CHS is being compensated by the FBI for information the CHS provided and was compensated by the FBI when the CHS was working with the FBI ten years ago. The CHS has stated the CHS is willing to testify at a future criminal proceeding should the CHS's testimony be relevant.

8. On November 9, 2020, the CHS met with the FBI and reported being contacted by "wickr" user, "layne483" starting on November 7, 2020. During their chats, "layne483", who eventually identified himself as Michael Layne of Tacoma, discussed sexually abusing an minor to whom he had access (MV1). That user also sent the CHS (2) images of suspected child pornography. The CHS described the images as depicting an adult male engaged in sexual

activity with a prepubescent female round three or four years old. The images were taken down shortly after they were sent, and the CHS was not able to access them again. When asked to provide a more detailed description of what the CHS saw, the CHS provided the following information:

- File 1: Sent on 11-07-2020 and remained on the phone for about 30 seconds. It depicted a naked, white, slender, adult male (male), which didn't show his face, lying on his back on a bed which appeared to be located inside a room. The CHS remembered seeing a bedcovering on the bed but could not remember its' details. No other descriptions of the room or the setting could be remembered. It appeared the male was holding the picture taking device off to the side which showed his point of view looking at a naked prepubescent female (Jane Doe) approximately 4 or 5 years old with shoulder length blonde hair situated between the male's legs. Jane Doe held the male's penis with one hand and at least some of the male's penis was inserted into her mouth.

- File 2: sent on 11-07-2020 almost immediately after the first and also remained on the phone for about 30 seconds. It depicted a naked prepubescent female (Jane Doe) approximately 6 or 7 years old with her face unrecognizable. She had dark brown hair with an indeterminate length. She was laying on a bed with green sheets and green pillow cases with a multi-colored blanket or quilt partly on the bed and hanging off. Her knees were raised but her feet were not visible. The angle of the picture was focused on her genitals, specifically her vagina. The point of view was from the originator facing her vagina. Jane Doe's legs were spread apart revealing her exposed vagina. Her head was situated at the top of the photo. A tanned, Caucasian adult male's fist was visible at the bottom of the photo with at least 2 fingers extended and inserted into Jane Doe's exposed vagina. Dark hair was visible on the male's wrist.

9. On November 10, 2020, the CHS reported a further conversation in which "Michael Layne" sexually assaulting MV1 and told the CHS that me might take a picture of this abuse the next time he does it to send to the CHS.

10. Based on a query of public and law enforcement databases, I identified an individual named Michael Layne BENNETT of Tacoma, Washington. BENNETT has the same birth month and day that Michael Layne provided to the CHS. I also compared BENNETT's DOL photo with photos sent by Michael Layne to the CHS. They depict the same person.

11. On November 13, 2020, I obtained federal search warrants for BENNETT's home, car, and person, which a team of state and federal agent executed later that day.

12. I encountered BENNETT at his home in Tacoma and asked if he would agree to an interview. After advising BENNETT of his *Miranda* rights and BENNETT's acknowledgment that he understood his rights, he provided the following information in a recorded interview:

- MV1 is a real child under the age of one. One month ago, BENNETT placed his mouth on MV1's genitals. He was sexually aroused while assaulting MV1, and after doing so, he went into the bathroom and masturbated.
- He explained that he was able to assault MV1 when he had unsupervised access to MV1.
- He did communicate with the CHS over "wickr" and while he denied sending the images the CHS described above, he did take a nude photo of MV1 while MV1 was in the bath and send that to the CHS.

13. During the search, law enforcement seized several digital devices, which are are currently being reviewed. A preliminary inspection of BENNETT's phone revealed evidence of the "wickr" app and some of the messages exchanged with the CHS.

### III. CONCLUSION

14. Based on the above facts, I believe that there is probable cause to conclude that MICHAEL LAYNE BENNETT committed the offense charged in this Complaint.

*Kelsey M.* (signature)
KELSEY M. MENDOZA, Complainant
Special Agent, FBI

The above-named agent provided a sworn statement attesting to the truth of the foregoing Complaint and Affidavit submitted to me by reliable electronic means pursuant to Fed. R. Crim. Proc. 4.1(a), and the Court hereby finds that there is probable cause to believe the Defendant committed the offense set forth in the Complaint.

DATED this 16th day of November, 2020.

*DW Christel* (signature)
DAVID W. CHRISTEL
United States Magistrate Judge